## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

     **Plaintiff,**

     v.                           **CASE NO.  25-3125-JWL**

**UNIFIED GOVERNMENT OF**
**KANSAS CITY, KANSAS, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff and Kansas prisoner Pierre Quaran Hamilton brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at Lansing Correctional Facility in Lansing, Kansas. He has been granted leave to proceed without prepayment of fees (Doc. 13) and the Court has now received the initial partial filing fee. The Court has conducted the statutorily required screening of the complaint and has identified deficiencies that leave this matter subject to dismissal in its entirety. Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed without prejudice. Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3), which will be denied.

### I.    Screening Standards

Because Plaintiff is a prisoner and proceeds without prepayment of fees, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## II. Nature of the Matter before the Court[1]

In 2022, [Plaintiff] was named a defendant in a small claims case filed by Lonnie Davis in the District Court of Wyandotte County, Kansas *See Davis v. Hamilton*, Wyandotte County Case No. 2022-SC-000068. The online records of the Wyandotte County District Court reflect that District Judge Tony Martinez presided over the small claims case. *Id.* In October 2022, after leaving a hearing in that case, [Plaintiff] was involved in a physical altercation with Mr. Davis, which led to [Plaintiff's] arrest. *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1696524, *1 n.1 (D. Kan. June 17, 2025) (unpublished). The state filed criminal charges against [Plaintiff] in Wyandotte County District Court case number 2022-CR-001105.

After Mr. Davis died, apparently due at least in part to the injuries inflicted by [Plaintiff], the small claims case was dismissed. *See Davis v. Hamilton*, Wyandotte County Case No. 2022-SC-000068, Dismissal (Dec. 7, 2022) (dismissing case and noting that the plaintiff was deceased). The criminal charges against [Plaintiff] were amended to one count of second-degree murder and one count of mistreatment of a dependent adult or elder person. *See State v. Hamilton*, Case No. 2022-CR-001105, First Amended Information (filed Jan. 10, 2023). In June 2024, after the jury trial on those charges had begun, [Plaintiff] pled no contest

---

[1] Plaintiff has pursued previous litigation in this Court, and, through that litigation, the Court has become familiar with the factual background for this case. The information set forth in this section is not intended to constitute findings of fact that have legal effect. Rather, it is an attempt to provide context for Plaintiff's current case by taking judicial notice of the available online records of the District Court of Wyandotte County, Kansas and the Kansas appellate courts, as well as the records in previous actions Plaintiff has filed in this Court.

to and was found guilty of unintentional second-degree murder and mistreatment of a dependent adult or elder person. In August 2024, the district court sentenced [Plaintiff] to 154 months in prison. [Plaintiff] pursued a direct appeal to the Kansas Court of Appeals ("KCOA"), but on June 26, 2025, he voluntarily dismissed his appeal without having filed a brief.

*Hamilton v. Geither*, 2025 WL 2240854, *1 (D. Kan. Aug. 6, 2025) (unpublished) (some internal citations omitted).

Plaintiff names as Defendants in this matter the Unified Government of Kansas City, Kansas ("the Unified Government"); the Wyandotte County Sheriff's Department ("WCSD"); and WCSD Court Security Officer Leslee Nix. (Doc. 1, p. 1-3, 17.) As the background of this case, Plaintiff states that on October 5, 2022, he had "a complete remedy from [Judge] Martinez [and had] cash on hand to cover the amount" in contention in the small claims case. *Id.* at 2. When Plaintiff and Mr. Davis entered the courthouse, Defendant Nix asked if they were together, to which Plaintiff replied, "Yes." (Doc. 1-1, p. 2.) Defendant Nix was aware that the men were attending an afternoon hearing in small claims court. *Id.*

After the hearing, Plaintiff and Mr. Davis left the courtroom at the same time. *Id.* at 1. She was the closest court security officer to them, but she did not separate them. *Id.* at 1; (Doc. 1, p. 2-3). Moreover, as Plaintiff and Mr. Davis began to exit the courthouse through the entrance door, Defendant Nix redirected them to the exit door. (Doc. 1-1, p. 3.) As Plaintiff and Mr. Davis were leaving the courthouse, Mr. Davis threatened Plaintiff in a very low voice. (Doc. 1, p. 2.) Plaintiff asserts that Mr. Davis said, "'I'm going to kill you,'" and then intimidatingly "star[ed Plaintiff] down." (Doc. 1-1, p. 4.) Defendant Nix' report, which is attached to the complaint filed in this matter, states only that she heard Mr. Davis "ma[k]e a comment in a very low voice." (Doc. 1, p. 7.) The report further recounts Plaintiff responding to the comment, punching Davis and

"continu[ing] to assault [Mr.] Davis in his head." *Id.* Defendant Nix stated in her report that she ordered Plaintiff to stop and, as she tried to draw her taser, Plaintiff left the courthouse. *Id.*

In Count I, Plaintiff asserts a violation of his Fourteenth Amendment right to Equal Protection, the improper denial of the immunity afforded him by K.S.A. 21-5231, and malicious prosecution. (Doc. 1, p. 4.)  As supporting facts for Count I, Plaintiff alleges that Defendant Nix was grossly negligent because she knew that he and Mr. Davis were litigants but she did not separate them as they came out of the courtroom. (Doc. 1-1, p. 1.) Plaintiff also contends that Defendant Nix was recklessly indifferent to his federally protected right to be safe inside the courthouse. *Id.* at 1-2. He further argues that by ordering him and Mr. Davis to leave through the exit door, Defendant Nix placed them both "within [her] personal duty [and] care." *Id.* at 4. Finally, Plaintiff argues that Defendant Nix violated his statutory right to immunity under K.S.A. 21-5231 by "allowing [Plaintiff] to be arrested." *Id.* at 4-5.

In Count II, Plaintiff asserts a Fourth Amendment violation occurred when he was seized by police after the incident. (Doc. 1, p. 4.) As supporting facts for Count II, Plaintiff directs the Court's attention to reports by Defendant Nix and Officer L. Loney, the other courthouse security officer on duty on the relevant day; the "trial Docket/complete remedy"; and the autopsy report for Mr. Davis. *Id.*; (Doc. 1-1, p. 5). Plaintiff reiterates his assertion that he has a right to be safe inside a courthouse and he argues that Defendant Nix' "reckless indifference of federally protected rights of others allowed [him] to be seized when [he] clearly [and] unequivocally qualified for [immunity under] 'K.S.A. 21-5231.'" (Doc. 1-1, p. 5.) Plaintiff states that he should not have been seized, so the seizure constituted false arrest and false imprisonment. (Doc. 1, p. 4.)

In Count III, Plaintiff asserts the violation of his rights to due process and to petition the government for redress of grievances, as guaranteed by the First, Fourth, and Fourteenth

Amendments. *Id.* at 5. As supporting facts for Count III, Plaintiff directs the Court to a copy of his journal entry of judgment, which he alleges violates K.S.A. 22-3439 and K.S.A. 22-3426(a) and (c). *Id.*; (Doc. 1-1, p. 5). Thus, Plaintiff contends, when the Kansas Department of Corrections took custody of him, Plaintiff's Fourth Amendment rights and his Fourteenth Amendment right to equal protection of the laws were violated. (Doc. 1-1, p. 5.) As relief, Plaintiff seeks $50,000,000.00 for pain and suffering; restitution in an amount to be determined; compensation for lost wages; his immediate release; the reversal with prejudice of his convictions; the expungement of his criminal record; and "40 acres of land within the State of Kansas regardless of City, town or county." (Doc. 1, p. 6. )

III. **Discussion**

    **A.  Relief Requested**

        Plaintiff's requests for release, reversal of his convictions or entry of a judgment of acquittal, money damages for pain and suffering, expungement of his criminal record, and 40 acres of land are subject to dismissal from this case. First, Plaintiff seeks his release, but that type of relief is unavailable in an action brought under 42 U.S.C. § 1983. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Plaintiff currently has a habeas petition pending in this Court. *See Hamilton v. Geither*, Case No. 25-3126. Thus, the requests in this civil rights action for Plaintiff's release and for reversal of his convictions or entry of a judgment of acquittal are subject to dismissal.

        Second, Plaintiff's request for money damages for pain and suffering also appears subject to dismissal. The Prison Litigation Reform Act (PLRA) provides in part that "[n]o Federal civil

action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This statute applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Plaintiff has not alleged facts in his complaint that, if taken as true, show a physical injury or the commission of a sexual act.

Third, Plaintiff's request that his criminal record be expunged is subject to dismissal because it is not the sort of injunctive relief available in this § 1983 action. Expungement of Kansas arrest records is governed by K.S.A. 22-2410, which places expungement decisions within the purview of the state district courts. Federal injunctive orders generally bind only types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65(d)(2). Finally, Plaintiff's request for 40 acres of land within the State of Kansas is subject to dismissal because this Court lacks the authority to grant such relief in a 42 U.S.C. § 1983 action. If Plaintiff knows of legal authority that supports such a request, he may so inform the Court in his response to this order.

## B.  Defendants WCSD and the Unified Government

This action is subject to dismissal as it is brought against the WCSD and the Unified Government. The WCSD is not an entity that may be sued under 42 U.S.C. §1983. *See*, *e.g.*,

*Schlobohm v. Ash*, 2024 WL 3511307, *8 (D. Kan. July 23, 2024) (unpublished) (holding that the Wyandotte County Sheriff's Office "is not a suable entity under § 1983" and collecting cases with similar holdings regarding other Kansas county sheriff's departments).

This action is subject to dismissal as it is brought against the Unified Government because, even when all of the allegations in the complaint are taken as true, Plaintiff has failed to show that a Unified Government employee committed a constitutional violation and that a Unified Government policy or custom was "the moving force" behind the constitutional violation. *See Schlobohm*, 2024 WL 3511307 at *8 (setting out standard and citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 659 (1978)). This showing is required because "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-86 (1989).

### C. *Heck v. Humphrey*

All of the claims in this matter that are based on Plaintiff's arrest, detention, and criminal prosecution are subject to dismissal because they appear barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Court previously has explained to Plaintiff:

> In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court "held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until the conviction has been invalidated." *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020). Plaintiff appears to base his claims in this case on conduct that led to his convictions. A ruling in Plaintiff's favor would necessarily call into question the lawfulness of his convictions . . . . But Plaintiff has not alleged that his convictions have been invalidated . . . Thus, his claims are barred by *Heck*.

*Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1591982, *5 (D. Kan. June 5, 2025) (unpublished).

In the case now before the Court, Count I specifically cites K.S.A. 21-5231, which sets forth immunity from "arrest, detention in custody and charging or prosecution" to which Plaintiff

argues he was entitled. *See* K.S.A. 21-5231(a). Count II is based on the argument that Plaintiff should not have been arrested after the incident at the courthouse. And Count III argues that Plaintiff was falsely imprisoned and that the journal entry in the criminal prosecution is null and void. A finding in Plaintiff's favor on any of these claims would necessarily call into question the lawfulness of Plaintiff's convictions. He has not alleged, however, that his convictions have been invalidated. Thus, the claims in this matter that are based on Plaintiff's arrest, detention, and criminal prosecution appeared barred by *Heck*.

**D. Defendant Nix**

Liberally construed, the complaint also alleges claims against Defendant Nix for actions and inaction that occurred prior to the incident that led to Plaintiff's arrest. Specifically, Plaintiff asserts a claim against Defendant Nix based on her failure to proactively separate Plaintiff and Mr. Davis as they left the courtroom at the same time. Plaintiff argues that when Defendant Nix redirected him and Mr. Davis to the exit door—as they were heading to the entrance door to leave the building—she assumed a personal duty for their care. (Doc. 1-1, p. 1-5.)

Plaintiff further argues that by then being grossly negligent or recklessly indifferent to Plaintiff's "federally protected rights," including his alleged right to be safe in the courthouse, Defendant Nix violated Plaintiff's equal protection rights. *Id.* Plaintiff contends that Defendant Nix should have addressed or acknowledged the comment Mr. Davis made to Plaintiff and she should have taken control of the situation in order to "uphold the standards of the 9th circuit where Law Enforcement Officers are stationed [at] the entrance of courthouses to, among other things[,] Ensure the SAFETY of those inside the facility ((When [and] if exiting together.))" *Id.* at 2, 4 (all errors in original).

Plaintiff bases his argument that he had a federally protected right to be safe in the courthouse on *Quiney v. Brooks*, 2011 WL 1327856 (D. Nev. April 5, 2011)[2]. (Doc. 1-1, p. 2.) In July 2010, Officer Ron Brooks denied Dwayne Quiney entry to a Las Vegas courthouse after Mr. Quiney complained that Officer Brooks had scrutinized Plaintiff's keys and cell phones more than the purses of two women who entered before Plaintiff. *Quiney*, 2011 WL 1327856, at \*2. Mr. Quiney "stated that his keys and phone 'are not bombs.'" *Id.* Officer "Brooks told [Mr. Quiney] that '[he] could not enter the courthouse because [Officer Brooks] did not like [Mr. Quiney's] questions and observations.'" *Id.* Mr. Quiney filed suit claiming the violation of his First Amendment right to free speech. *Id.* at \*3.

In the attachment to the complaint now before this Court, Plaintiff quotes language from *Quiney*, although Plaintiff does not provide a specific citation to *Quiney* and he omits internal citations from the quoted language. (Doc. 1-1, p. 2.) The language from *Quiney* states:

> Law enforcement officers are stationed at the entrance of courthouses to, among other things, ensure the safety of those inside the facility. A courthouse is a facility which is maintained with a high degree of order and decorum. *See, Sammartano* [*v. First Jud. Dist. Ct., in and for Cnty. of Carson City*,] 303 F.3d[ 959,] 967[ (9th Cir. 2002), *abrogated in part on other grounds by Winter v. Nat. Res. Defense Council, Inc.,* 555 U.S. 7, 24 (2008)]. The Ninth Circuit has recognized that courthouses face "real dangers posed by threats of violence." *McMorris v. Alioto*, 567 F.2d 897, 900 (9th Cir. 1978). The Ninth Circuit also determined that the "government has a legitimate need to preserve [a courthouse] as an orderly and safe place." *Sammartano*[,] 303 F.3d at 967. Consequently, excluding Plaintiff from the courthouse after making an inflammatory statement that his personal effects were not bombs reasonably fulfilled the legitimate need to ensure the safety of those inside the facility and maintain a high degree of order and decorum.

---

[2] The only citation to *Quiney* that Plaintiff provides is the name and case number. (Doc. 1-1, p. 2 ("Based on *Dwayne Quiney v. Officer Ron Brooks* Case No. 2:10-cv-10676-GMN-PAL").) Through independent research, the Court located an order from that case that is available on Westlaw and contains the language Plaintiff quotes. *See Quiney v. Brooks*, 2011 WL 1327856, \*3 (D. Nev. April 5, 2011) (unpublished). If Plaintiff wishes the Court to consider another filing in *Quiney*, he must more specifically identify the order on which he relies. The Court has reviewed the docket in *Quiney* and notes that the case was disposed of by stipulation of dismissal. *See Quiney v. Brooks*, Case No. 10-cv-1676-GMN-PAL, Docs. 25 (Jan. 6, 2012 stipulation of dismissal) and 26 (Jan. 9, 2012 order dismissing case).

*Quiney*, 2011 WL 1327856, at *3. The *Quiney* court nevertheless found that Mr. Quiney had stated a plausible claim for a First Amendment violation because "Officer Brook[s'] statement 'I do not like your questions and observations' is a content-based regulation of speech," and "[c]ontent based restrictions of speech which fall outside of limited areas" identified in the order "are 'presumptively invalid.'" *Id.* at *4.

Plaintiff's reliance on *Quiney* is misplaced. First, the Ninth Circuit's interpretation of the law is not binding in this Court, which is in the Tenth Circuit. *See Iron Bar Holdings, LLC v. Cape*, 131 F.4th 1153, 1171 (10th Cir. 2025) ("[T]he decisions of one circuit are not binding on other circuits."). Second, neither *Quiney* nor the cases on which it relied—*Sammartano* and *McMorris*—held that a courthouse security officer has an affirmative duty to ensure the safety of all of individuals inside a courthouse, that such an affirmative duty beings when the security officer gives directions to those individuals, or that those individuals have a federally protected right of safety.

As seen above, *Quiney* involved a First Amendment claim based on denial of entry to a courthouse. Similarly, *Sammartano* involved various individuals "who were denied entrance to a Carson City, Nevada government building after refusing to remove clothing bearing symbols of motorcycle organizations." 303 F.3d at 926. It addressed "a court policy banning individuals who are wearing such clothing from two floors of the government building." 303 F.3d at 926. And "[t]he sole issue in [*McMorris* was] whether a limited search conducted as a condition of entering a state courthouse is consistent with the constitutional prohibition against unreasonable searches and seizures." *McMorris*, 567 F.2d at 898. Although these cases discussed the need for safety in courthouses, they did so in the context of whether a restriction on other constitutional rights was reasonable in light of the need for safety and the preservation of decorum.

Plaintiff has provided no legal authority that reflects that a courthouse security officer, such as Defendant Nix, has an affirmative duty to separate litigants coming from a courtroom or to prevent a litigant—even one who is verbally threatened and "stared down" by an opposing litigant, as Plaintiff contends—from physically attacking an opposing party. Put another way, Plaintiff has failed to show that he had a constitutional right to be stopped from hitting Mr. Davis. Even taking all of the factual allegations in the complaint as true, Plaintiff has failed to show that Defendant Nix violated his constitutionally protected rights. Thus, Plaintiff's claims against Defendant Nix are subject to dismissal for failure to state a claim.

## IV. Conclusion

To summarize, the WCSD is subject to dismissal because it is not an entity that can be sued under 42 U.S.C. § 1983. The Unified Government is subject to dismissal because Plaintiff has not alleged the type of facts required to impose liability upon it. Plaintiff's requests for release, the reversal of his convictions, or an order directing his acquittal are subject to dismissal because they may only be pursued in a federal habeas action such as the one Plaintiff has pending in this Court. The Court lacks the authority to grant Plaintiff's requests for expungement of his criminal record and for an award of 40 acres of land, so those requests are subject to dismissal. Plaintiff's request for a monetary award for pain and suffering is subject to dismissal because the complaint fails to allege the type of facts required for such an award. All of Plaintiff's claims in this matter related to his arrest, detention, or criminal prosecution appear to be barred by *Heck*. Finally, Plaintiff has failed to state a plausible claim against Defendant Nix because he has not established that she violated any federally or constitutionally protected right. Thus, this matter is subject to dismissal in its entirety.

Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed. Plaintiff may file, on or before September 24, 2025, a single written response showing good cause why this matter should not be dismissed for the reasons stated in this order. If Plaintiff fails to respond by the deadline set in this order, this case will be dismissed without further prior notice to Plaintiff for failure to state a plausible claim for relief against a named defendant.

## V. Motion for Appointment of Counsel (Doc. 3)

Also before the Court is Plaintiff's motion for appointment of counsel. (Doc. 3.) Therein, Plaintiff sets out his efforts to obtain representation and he informs the Court that he is grieving and emotionally compromised due to the death of his 16-year-old son. *Id.* at 1-3. As recognized in the motion, there is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v.*

*Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues do not appear to be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **September 26, 2025** in which to show cause, in writing, why this matter should not be dismissed for failure to state a plausible claim for relief.

**IT IS SO ORDERED**.

**Dated August 25, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**