IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

    **Plaintiff,**

    v.                                      CASE NO. 25-3125-JWL

**UNIFIED GOVERNMENT OF**
**KANSAS CITY, KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Pierre Quaran Hamilton brings this pro se civil rights action under 42 U.S.C. § 1983. In a memorandum and order to show cause issued on August 25, 2025, the Court explained that "[a]ll of the claims in this matter that are based on Plaintiff's arrest, detention, and criminal prosecution are subject to dismissal because they appear barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)." (Doc. 18, p. 7.) Under *Heck*, "'prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until the conviction has been invalidated.' *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020)." (Doc. 18, p. 7.) The Court noted that although some of Plaintiff's claims in this matter called into question the lawfulness of his convictions, "[h]e has not alleged . . . that his convictions have been invalidated." *Id.* at 8.

This matter comes now before the Court on Plaintiff's "Motion to Invalidate Convictions," in which he again argues that his constitutional rights were violated during the events leading to his arrest and during his state criminal prosecution. (Doc. 19.) Plaintiff asserts that therefore, his convictions are invalid. (Doc. 19.) The motion will be denied.

In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 486-87.

As seen in the language quoted above and as discussed in the prior memorandum and order to show cause, Plaintiff cannot challenge the validity of his state convictions in this § 1983 action. (*See* Doc. 18, p. 5 ("Plaintiff's request for . . . reversal of his convictions or entry of a judgment of acquittal . . . are subject to dismissal from this case.").) Rather, in order to bring claims in this § 1983 action that necessarily call into question the lawfulness of his convictions, Plaintiff must show that his convictions have already been invalidated. To be clear, the Court cannot invalidate Plaintiff's convictions via an order in this § 1983 action.

The Court recognizes that this motion does not constitute the response to the memorandum and order to show cause (Doc. 18). Plaintiff must file his response on or before September 26, 2025.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to invalidate convictions (**Doc. 19**) is **denied**.

**IT IS SO ORDERED**.

Dated September 3, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
UNITED STATES DISTRICT JUDGE