IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

          **Plaintiff,**

v.                                          CASE NO. 25-3125-JWL

UNIFIED GOVERNMENT OF
KANSAS CITY, KANSAS, et al.,

          **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se civil rights action brought by Plaintiff and state prisoner Pierre Quaran Hamilton under 42 U.S.C. § 1983. (Doc. 1.) It was dismissed on September 24, 2025 and judgment was entered the same day. (Docs. 27 and 28.) Since then, Plaintiff has submitted additional documents for filing in this case. (Docs. 29 and 30[1].) The documents describe conditions of Plaintiff's confinement, memorialize interactions between Plaintiff and KDOC staff, and contain notes addressed to the undersigned. *Id.* Even liberally construed, the documents do not seek reconsideration of the dismissal or relief from judgment. They appear to be intended to document Plaintiff's interactions with staff and conditions of his confinement.

"'Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184

---

[1] The Court also is aware that Plaintiff has attempted to submit additional, similar documents for filing, but the Clerk returned those documents to Plaintiff because he failed to indicate by case number the case in which he wished them to be filed.

1

(1989)). In addition, "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).

Utilizing the Court's limited resources to process and file in a closed case documents irrelevant to the dismissal does not promote the interests of justice. Plaintiff's submission of such documents is approaching the level of abusive litigation. Plaintiff is cautioned that if he continues to submit inappropriate documents for filing in this closed case, he may be subject to filing restrictions. At this point, generally speaking, the only documents appropriate for filing in this case are motions directed to the dismissal, *see* Federal Rule of Civil Procedure 60, or documents required to pursue an appeal of the dismissal. Information about the procedures for initiating an appeal can be found in Rules 3, 4, and 5 of the Federal Rules of Appellate Procedure and additional information is available on the website of the United States Court of Appeals for the Tenth Circuit.

**IT IS THEREFORE ORDERED THAT** Plaintiff is directed to refrain from submitting for filing in this matter any document that is unrelated to reconsideration of the dismissal, relief from the judgment, and/or an appeal of the dismissal.

**IT IS SO ORDERED.**

DATED:   This 14th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge